IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TAREEK HEMINGWAY, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Civil Action No. 3:22-cv-37 |
| | ) Judge Stephanie L. Haines |
| ASHLEY SIMMER, *et al.*, | ) Magistrate Judge Keith A. Pesto |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This is a civil rights case brought under 42 U.S.C. § 1983 by Tareek Hemingway ("Plaintiff"), a pretrial detainee at the Cambria County Prison, alleging violations of his constitutional rights by staff at the Blair County Prison, where he previously was housed. This matter was referred to Magistrate Judge Keith A. Pesto for proceedings in accordance with the Federal Magistrates Act, 28 U.S. C. § 636, and Local Civil Rule 72.D.

On March 22, 2022, Judge Pesto filed a Report and Recommendation ("R&R") recommending that Plaintiff's complaint be dismissed without leave to amend for failure to state a claim upon which relief can be granted [Doc. 8]. Plaintiff was advised that he had fourteen days to file written objections to the Report and Recommendation. *See* 28 U.S.C.§ 636 (b)(1)(B) and (C) and Local Civil Rule 72.D.2. Plaintiff did not file objections within the allotted time. On April 14, 2022, this Court entered an order adopting the R&R and dismissing the case with prejudice [Doc. 9].

On May 11, 2022, the Court received a letter from Plaintiff requesting reconsideration of the Court's April 14 order. Plaintiff's letter correctly was docketed as a motion to alter or amend

judgment pursuant to Federal Rule of Civil Procedure 59(e) [Doc. 10].[1]  In that letter motion, Plaintiff alleges that he received Judge Pesto's R&R and mailed his written objections to that R&R to the Court within the 14-day period.  He also attached a memo from a counselor at the Cambria County Prison confirming that "mail was sent out under [Plaintiff's] name" on March 31, 2022, nine days after the R&R was filed [Doc. 10-1].  However, the counselor's memo did not indicate what that mail was, or who it was sent to, and the Court did not receive any objections within the allotted period.

On July 1, 2022, Plaintiff filed another letter in support of his motion to alter or amend judgment stating that his March 31, 2022, mail containing his objections was returned to him in late June due to insufficient postage [Doc. 12].  Attached was a photocopy of the returned envelope, which is addressed to the Clerk's Office and stamped "postage due" [Doc. 12-1].  Although difficult to read, it does appear that the envelope is stamped as mailed on March 31, 2022.  The Court also received for the first time on July 1 Plaintiff's objections to Judge Pesto's initial R&R [Doc. 13].

On August 22, 2022, Judge Pesto filed a second R&R recommending that Plaintiff's motion to alter or amend judgment be denied on the ground that, even upon *de novo* consideration of the newly received objections, Plaintiff's complaint still fails to state any claim upon which relief can be granted [Doc. 14].  Plaintiff was advised that he had fourteen days to file written objections.  *See* 28 U.S.C.§ 636 (b)(1)(B) and (C) and Local Civil Rule 72.D.2.  Plaintiff did not file objections to the second R&R within the allotted time frame, which expired on September 8, 2022.

---

[1] Although the Federal Rules of Civil Procedure do not specifically refer to a motion to reconsider, such motions, if filed within twenty-eight days, generally are treated as motions to alter or amend judgment under Rule 59(e) of the Federal Rules of Civil Procedure. *See United States v. McGlory*, 202 F.3d 664, 668 (3d Cir. 2000).

2

Upon review of the second R&R under the applicable "reasoned consideration" standard, *see EEOC v. City of Long Branch*, 866 F.3d 93, 100 (3d Cir. 2017) (standard of review when no timely and specific objections are filed), and pursuant to Local Civil Rule 72.D.2, the Court will accept Judge Pesto's recommendation that Plaintiff's motion to alter or amend judgment should be denied.

A court may grant relief under Rule 59(e) only if the moving party shows: (1) an intervening change in the controlling law; (2) the availability of new evidence which was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent a manifest injustice. *See, e.g., Wiest v. Lynch*, 710 F.3d 121, 128 (3d. Cir. 2013).

Here, the judgment that Plaintiff seeks to alter is the Court's order dated April 14, 2022, adopting the original R&R and dismissing this case with prejudice for failure to state a claim upon which relief can be granted [Doc. 9]. Plaintiff argues that the Court should reconsider its order dismissing his complaint in light of the newly filed objections, which he apparently attempted to file within the allotted time. The effect of the objections is that this Court's standard of review of the original R&R changes from the "reasoned consideration" standard applicable when timely objections are not filed, to *de novo* review of those portions of the original R&R to which specific objections are raised.[2] *City of Long Branch*, 866 F.3d at 100.

The Court is satisfied from the record now before it that Plaintiff in fact did attempt to timely file objections to the original R&R. Accordingly, the Court has considered those objections

---

[2] When a party objects timely to a magistrate judge's report and recommendation, the district court must "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *City of Long Branch*, 866 F.3d at 100 (quoting 28 U.S.C. § 636(b)(1)); *see also* Local Civil Rule 72.D.2. In doing so, the Court may accept, reject or modify, in whole or in part, the findings and recommendations made in the report. 28 U.S.C. § 636(b)(1). A district court is not required to make any separate findings or conclusions when reviewing a recommendation *de novo* under § 636(b). *See Hill v. Barnacle*, 655 F. App'x 142, 148 (3d Cir. 2016).

3

in conducting a *de novo* review of the <u>original</u> R&R. However, the Court, upon a reasoned consideration of Judge Pesto's second R&R, to which no objection has been made, agrees with his conclusion that Plaintiff's objections to the original R&R are insufficient to grant relief under Rule 59(e) as to the April 14, 2022, order dismissing this case with prejudice, as those objections do nothing to alter this Court's previous finding that Plaintiff's complaint fails to state any claim upon which relief can be granted.

As Judge Pesto observes in the second R&R, many of Plaintiff's "objections" either simply reiterate the allegations of his complaint, or state new events that have occurred in Cambria County Prison, which would be beyond the scope of this lawsuit against the Blair County Prison and its staff. Likewise, Judge Pesto is correct that Plaintiff's requests that this Court subpoena witnesses on his behalf and assist him in obtaining a lost flash drive are not appropriate objections to the original R&R.

As recognized by Judge Pesto, Plaintiff has raised one specific objection to the original R&R in arguing that the complaint should be construed to state a claim that several of the named defendants (specifically Ashley Simmer and Nurse Gority) violated the Health Insurance Portability and Accountability Act ("HIPAA"). However, as Judge Pesto reasonably found in his thorough analysis, which need not be repeated here, HIPAA provides no federal private right of action. *See Baum v. Keystone Mercy Health Plan*, 826 F.Supp.2d 718, 721 (E.D.Pa. 2011); *see also Health Science Funding LLC v. The New Jersey Dept. of Health and Human Services*, 658 Fed. App'x 139, 142 (3d Cir. 2016) (setting forth factors to consider in deciding whether a private right of action exists for a violation of a federal statute).

Thus, upon reasoned consideration of Judge Pesto's second R&R, the Court agrees that Plaintiff has provided no basis for relief under Rule 59(e). Even upon *de novo* consideration of

the original R&R in light of Plaintiff's recent objections, and for the reasons set forth in the original R&R as well as this Court's order adopting that R&R as supplemented herein, the Court will adhere to its prior ruling that Plaintiff's complaint fails to state any claim upon which relief can be granted. Plaintiff's motion to alter or amend judgment therefore will be denied.

Accordingly, the following order is entered:

### **ORDER OF COURT**

AND NOW, this 15th day of September, 2022, for the reasons set forth in the Magistrate Judge's Report and Recommendation [Doc. 14], which is adopted as the opinion of the Court as supplemented herein, IT IS ORDERED that Plaintiff's motion to alter or amend judgment [Doc. 10] hereby is **denied**.

Stephanie L. Haines
United States District Judge